UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMPLOYEE PAINTERS' TRUST
HEALTH & WELFARE PLAN, et al.,

Plaintiffs,

v.

DONNIE SHANE SHERMAN, et al.,

Defendants.

C13-687 TSZ

ORDER

THIS MATTER comes before the Court on motions for summary judgment brought by defendant Wesco Insurance Company ("Wesco"), docket no. 26, and defendant American Contractors Indemnity Company ("ACIC"), docket no. 28. Having reviewed all papers filed in support of, and in opposition to, the pending motions, the Court enters the following order.

**Background**

Under Washington law, a contractor must register with the Department of Labor and Industries ("L&I"), and must file with L&I a surety bond in the amount of $12,000, if it is a general contractor, or $6,000, if it is a specialty contractor. RCW 18.27.040(1). If claims exceed the amount of the bond, then the claims of laborers, including claims for

ORDER - 1

employee benefits, must be satisfied first.  RCW 18.27.040(4)(a).  Wesco and ACIC issued surety bonds to defendant SWS Flooring, LLC, as principal, in favor of the State of Washington, as obligee, pursuant to RCW Chapter 18.27, covering different periods of time.  Complaint at ¶¶ 21 & 22 (docket no. 1); Wesco Answer at ¶ 3 (docket no. 25); ACIC Answer at ¶ 1 (docket no. 29).

Plaintiffs, which are trusts created by agreements between various unions and various employer associations, have obtained default judgments against defendants Don Duane Sherman, Jane Doe Sherman, and Sherman & Sons Flooring Co. (the "Sherman Defendants") in two previous actions, Case Nos. C07-1751 BHS and C09-1333 RSM, for delinquent fringe benefit contributions and related fees and interest.  Complaint at ¶¶ 2 & 28-29 (docket no. 1).  In this action, plaintiffs seek to hold defendant SWS Flooring, LLC liable for the amounts of such default judgments on the theory that SWS Flooring, LLC is either the successor-in-interest or the alter-ego of the Sherman Defendants.  *Id.* at ¶ 38.  Plaintiffs have joined Wesco and ACIC in this action in an effort to recover a portion of the amounts due from the surety bonds issued to SWS Flooring, LLC.

**Discussion**

In their pending motions, Wesco and ACIC contend *inter alia* that plaintiffs failed to properly serve them pursuant to RCW 18.27.040(3).  The statute provides that service of process in an action involving a surety bond issued pursuant to RCW Chapter 18.27 (also called a contractor bond) "shall be *exclusively* by service upon the department [of labor and industries]."  *Id.* (emphasis added).  The statute further indicates that service "is not complete" until L&I receives the associated fee and three copies of the summons and

ORDER - 2

complaint.  *Id.*  Proper service on L&I confers personal jurisdiction with respect to the surety for suit on the contractor bond.  *Id.*  Pursuant to the statute, L&I is to "maintain a record, available for public inspection, of all suits so commenced."  *Id.*

In this matter, rather than satisfying the requirements of RCW 18.27.040(3), plaintiffs served the Insurance Commissioner of the State of Washington.[1]  *See* Ex. A to ACIC Motion (docket no. 28-1); Certificates of Service (docket nos. 6 & 7).  Plaintiffs assert that such service was proper under RCW 48.05.200(1), which provides in relevant part that "[s]ervice of legal process against the insurer can be had only by service upon the commissioner, except actions upon contractor bonds pursuant to RCW 18.27.040, where service may be upon the department of labor and industries."  Plaintiffs argue that, in using the word "may," RCW 48.05.200(1) renders service on L&I as contemplated by RCW 18.27.040(3) permissive rather than mandatory.

Such reading is inconsistent with the canons of statutory construction.  "If the statute is unambiguous, the meaning of the statute must be derived solely from the language of the statute."  *In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961 (1988).  In addition, if two statutes appear to conflict, the Court has a duty to reconcile them and to give effect to each of them, if possible to do so "without distortion of the language used."  *Id.* at 901.  RCW 18.27.040(3) unambiguously indicates that service on L&I is the only proper means of service for a suit against a bond issued pursuant to RCW Chapter 18.27.

---

[1] The parties agree that the applicable provisions of the Federal Rules of Civil Procedure are Rule 4(e)(1) and Rule 4(h)(1)(A), which together authorize service on a corporation in the manner set forth under state law.

ORDER - 3

*See Ahten v. Barnes*, 158 Wn. App. 343, 345, 242 P.3d 35 (2010) ("RCW 18.27.040 provides a mechanism for consumers, subcontractors, and others to recover against the bond, and requires those parties to serve three copies of the summons and complaint on the Department [of Labor and Industries].").

RCW 48.05.200(1) generally requires service on insurers to be accomplished by service on the Insurance Commissioner, but it explicitly exempts from this provision suits brought pursuant to RCW 18.27.040 against contractor bonds. The use of "may" in RCW 48.05.200(1) is not ambiguous and does not create a conflict between the statutes; it merely indicates that, with respect to actions against contractor bonds, the suing party is excused from the general rule of service on the Insurance Commissioner and "may" instead effect service in the manner set forth in RCW 18.27.040. This interpretation of the statutory language gives meaning to each provision, as required by the canons of statutory construction. *See Eaton*, 110 Wn.2d at 901. To hold as plaintiffs suggest, and allow service on the Insurance Commissioner rather than L&I with respect to claims involving contractor bonds, would nullify the key word (*i.e.*, "exclusively") of the service provision of RCW 18.27.040(3).

The Court's reading is also consistent with the legislative intent, which is apparent from the language of RCW 18.27.040 itself. Because a contractor bond might not be sufficient to cover all claims, service exclusively on L&I, which must make publicly available a record of all suits against a particular bond, operates to give notice to potential claimants about competing claims. Permitting service on the Insurance Commissioner rather than L&I would defeat this statutory scheme, and might result in claims being

ORDER - 4

satisfied from the contractor bond in an order of priority contrary to RCW 18.27.040(4). For this and the other foregoing reasons, the Court HOLDS that plaintiffs have not properly served Wesco and ACIC, and that, as a result, the Court does not have personal jurisdiction as to such defendants.[2]  See Mason v. Genisco Tech. Corp., 960 F.2d 849 (9th Cir. 1992); Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4.").  The appropriate remedy is to dismiss plaintiffs' claims against Wesco and ACIC without prejudice.  See Housing Auth. of City of Everett v. Kirby, 154 Wn. App. 842, 226 P.3d 222 (2010), overruled on other grounds by Housing Auth. of City of Seattle v. Bin, 163 Wn. App. 367, 260 P.3d 900 (2011).

Because the Court lacks personal jurisdiction over Wesco and ACIC, the Court cannot enter any binding rulings regarding the merits of plaintiffs' claims against them. See Hansberry v. Lee, 311 U.S. 32, 40 (1940) ("one is not bound by a judgment in personam in a litigation . . . to which he has not been made a party by service of process").  The Court therefore declines to consider the other arguments made in the

---

[2] Plaintiffs contend that Wesco and ACIC have waived the insufficiency of service of process defense by not mentioning it in their notices of appearance and not raising it in a Rule 12 motion.  The Federal Rules of Civil Procedure, however, do not require that insufficiency of service of process be raised in a notice of appearance.  Moreover, although Rule 12 envisions that a motion asserting such defense will be made before an answer is filed, in this case, the answers and the pending motions were filed simultaneously, and the Court will treat the motions for summary judgment in part as timely filed motions pursuant to Rule 12(b)(5).  The answers were long overdue, but plaintiffs never moved for default, and the motions were submitted on the deadline for dispositive motions.

ORDER - 5

pending motions for summary judgment and STRIKES them as moot.  Plaintiffs' request in opposition to these other arguments for relief under Rule 56(d) is likewise moot.

**Conclusion**

For the foregoing reasons, the Court hereby ORDERS:

(1)  Wesco's motion for summary judgment, docket no. 26, is treated in part as a motion to dismiss for insufficient service of process; the motion to dismiss for insufficient service of process is GRANTED, and Wesco's motion for summary judgment is otherwise STRICKEN as moot; plaintiffs' claims against Wesco are DISMISSED without prejudice;

(2)  ACIC's motion for summary judgment, docket no. 28, is treated in part as a motion to dismiss for insufficient service of process; the motion to dismiss for insufficient service of process is GRANTED, and ACIC's motion for summary judgment is otherwise STRICKEN as moot; plaintiffs' claims against ACIC are DISMISSED without prejudice;

(3)  Plaintiffs may renew their motion for default judgment against the remaining defendants by filing such motion within twenty-eight (28) days of the date of this Order; and

(4)  Because default has been entered against all remaining defendants, the trial date of May 12, 2014, and all related deadlines are hereby STRICKEN.

/ / /

/ / /

/ / /

ORDER - 6

IT IS SO ORDERED.

Dated this 2nd day of April, 2014.

Thomas S. Zilly
United States District Judge

ORDER - 7