1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

7

EMPLOYEE PAINTERS' TRUST
HEALTH & WELFARE PLAN, et al.,

Plaintiffs,

8

v.

9

DONNIE SHANE SHERMAN, et al.,

10

Defendants.

C13-687 TSZ

ORDER

11

12

13

14

15

16

17

18

THIS MATTER comes before the Court on plaintiffs' motion for reconsideration, docket no. 40, of the Order entered April 2, 2014, docket no. 36.  After reviewing the motion, the Court directed plaintiffs to file a supplemental brief concerning two issues, namely (i) whether plaintiffs challenge the constitutionality of RCW 18.27.040(3),[1] and (ii) whether plaintiffs have standing to raise such challenge.  *See* Minute Order (docket no. 41).  Having carefully considered the arguments presented by plaintiffs, the Court enters the following order.

19

20

21

22

[1] Plaintiffs indicate that they believe the Court can avoid addressing whether the Department of Labor and Industries ("L&I") is constitutionally applying RCW 18.27.040(3), but they have nevertheless served notice of a constitutional question on the Washington State Attorney General pursuant to Federal Rule of Civil Procedure 5.1(a).  *See* Supp. Br. at 3 (docket no. 43); Notice (docket no. 44).  In light of the Court's ruling on plaintiffs' motion for reconsideration, as set forth in this order, the Court DECLINES to issue a certification pursuant to Rule 5.1(b) and 28 U.S.C. § 2403(b).  *See* Fed. R. Civ. P. 5.1(c).

23

ORDER - 1

**Discussion**

Plaintiffs seek reconsideration of the Court's ruling that they failed to properly serve defendants Wesco Insurance Company and American Contractors Indemnity Company (collectively, the "Sureties") pursuant to RCW 18.27.040(3) and that, because the Court therefore lacks personal jurisdiction over the Sureties, the claims against them must be dismissed without prejudice under Rule 12(b)(5).  The Court's decision was based on Rules 4(e)(1) and 4(h)(1)(A), which together authorize service on a corporation in the manner set forth under state law, and RCW 18.27.040(3), which indicates that service of process in an action involving a contractor bond shall be exclusively by service upon L&I.  Order at 2-4 & n.1 (docket no. 36).  In their supplemental brief, plaintiffs confirm that, in this case, they never attempted to serve the Sureties using the method described in RCW 18.27.040(3).  Plaintiffs contend that doing so would have been futile because, on one prior occasion involving an unrelated federal suit, L&I declined to accept service on the ground that the action was not pending in the "superior court of the county in which the work was done or of any county in which jurisdiction of the contractor may be had."  RCW 18.27.040(3).[2]

Absent citation to any authority, plaintiffs assert that they have standing to raise, in this litigation, a challenge to L&I's refusal to accept service with respect to cases filed in federal court.  Plaintiffs further argue that L&I's interpretation of RCW 18.27.040(3),

_____

[2] Plaintiffs assert that an "L&I bureaucrat took the time to highlight in yellow" and return with the service documents the quoted language of RCW 18.27.040(3).  James Decl. at ¶ 10 (docket no. 40-1).  Plaintiffs apparently intended to provide a copy of the highlighted material, but they failed to attach "Exhibit 4" to the submitted declaration.

ORDER - 2

as requiring that a claim against a contractor bond be filed in state court, constitutes an unconstitutional preclusion of the supplemental jurisdiction of federal district courts. Plaintiffs reason that, because L&I's application of the venue or jurisdiction provision of RCW 18.27.040(3) is improper, the Court's analysis of the statutory language relating to service of process is also incorrect.  Plaintiffs' contention lacks merit.

Plaintiffs have no standing to complain about L&I's practices.  Having failed to even try to serve the Sureties in the manner set forth in RCW 18.27.040(3), plaintiffs cannot show either injury in fact or causation, both of which, in addition to redressability, are required to establish standing.  _See_, _e.g._, _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-61 (1992).  An injury in fact must be "an invasion of a legally protected interest" that is both (i) "concrete and particularized," and (ii) "actual or imminent, not 'conjectural' or 'hypothetical.'"  _Id._ at 560.  A causal connection requires that the injury be "fairly . . . trace[able] to the challenged action."  _Id._ (alteration in original).  Having made no attempt to serve the Sureties pursuant to RCW 18.27.040(3), plaintiffs rely on nothing more than speculation concerning how L&I would have handled the matter, and they cannot establish a causal relationship between an action taken by L&I and the failure, in this case, to effect proper service on the Sureties.

L&I's previous return of service documents in an unrelated case is insufficient proof that endeavoring to comply with RCW 18.27.040(3) would have been futile; one occasion does not a pattern make.  Moreover, the purported explanation of an L&I employee concerning the refusal to accept service that is recounted by one of plaintiffs' attorneys, _see_ McGillivray Decl. (docket no. 40-6), is merely inadmissible hearsay, _see_

1   Fed. R. Evid. 802, and does not constitute the type of official statement by L&I that

2   would warrant a conclusion concerning L&I's usual practices.

3         Even if plaintiffs could establish that L&I has a policy of refusing service when

4   the claim against the surety is initiated in federal court, and even if such practice violates

5   the Supremacy Clause of the United States Constitution,[3] such conclusion would not

6   warrant reconsideration.  In the Order entered April 2, 2014, docket no. 36, the Court

7   interpreted the service-of-process provision of RCW 18.27.040(3).  Plaintiffs' challenge

8   to L&I's policy involves the venue or jurisdiction provision of RCW 18.27.040(3).

9   These two provisions are distinct, separated spatially by three other provisions, one

10  dealing with mandatory joinder and two setting forth the applicable limitation periods.

11  Plaintiffs cite no authority for their proposition that the Court must ignore the plain

12  language of one statutory provision, concerning service of process, simply because an

13  expressly severable[4] provision, ostensibly regarding venue, might be unconstitutionally

14  applied.

15        Moreover, as a practical matter, even if plaintiffs had standing to challenge the

16  alleged policy of L&I, they could not further pursue their claims against the Sureties.  In

17

18  [3] Any Supremacy Clause concerns are easily avoided by reading the provision allowing an action against a contractor bond "in the superior court of the county in which the work was done or of any county in which jurisdiction of the contractor may be had," RCW 18.27.040(3), as merely specifying the venue for the litigation, _i.e.,_ the county or federal district in which to bring suit, and not as "closing the door" to federal jurisdiction.

19

20  [4] _See_ RCW 18.27.900 ("If any provision of this chapter is declared unconstitutional, or the applicability thereof to any person or circumstances is held invalid, the constitutionality of the remainder of the chapter and the applicability thereof to other persons and circumstances shall not be affected thereby."); _see also_ _Shouse v. Pierce County_, 559 F.2d 1142, 1147-48 (9th Cir. 1977) (recognizing that, under Washington law, the presence of a severability clause provides the necessary legislative assurance that the remaining provisions would have been enacted without the portion that is unconstitutional).

21

22

23

ORDER - 4

joining the state law claims against the Sureties to this action, plaintiffs have relied solely on supplemental jurisdiction,[5] which may be declined.  _See_ 28 U.S.C. § 1367(c).  Had plaintiffs properly served the Sureties or been deemed to have done so, the claims against the Sureties would still be subject to dismissal in light of the defaults of all defendants involved in claims over which the Court has original jurisdiction.  _See Boyd v. Herron_, 39 F. Supp. 2d 1129 (N.D. Ind. 1999) (declining to exercise supplemental jurisdiction over state law claim against county sheriff after entry of default against other two defendants, who were being sued under 42 U.S.C. § 1983); _see also Fitzpatrick v. Winn-Dixie Montgomery, Inc._, 153 F. Supp. 2d 1303 (M.D. Ala. 2001) (after entering default against individual defendant and granting summary judgment on federal claim in favor of corporate defendant, declining to exercise supplemental jurisdiction over remaining state law claims against corporate defendant).[6]

---

[5] Plaintiffs do not assert diversity jurisdiction because the aggregate amount of the bonds at issue does not exceed the jurisdictional threshold, _see_ 28 U.S.C. § 1332, and plaintiffs cannot contend that their claims against the Sureties fall within this Court's federal question jurisdiction, _see_ 28 U.S.C. § 1331; _see also Greenblatt v. Delta Plumbing & Heating Corp._, 68 F.3d 561 (2d Cir. 1995) (holding that employee-benefit trust claims against sureties do not "arise" under the Employee Retirement Income Security Act of 1974 ("ERISA")); _Giardiello v. Balboa Ins. Co._, 837 F.2d 1566 (11th Cir. 1988) (affirming dismissal of ERISA claim against employer's surety); _Haw. ex rel. Haw. Laborers' Trust Funds v. Am. Ins. Co._, 1991 WL 311969 (D. Haw. July 18, 1991).

[6] _Giardiello v. Balboa Ins. Co._, 837 F.2d 1566 (11th Cir. 1988), does not dictate a different result.  In _Giardiello_, the Eleventh Circuit could not ascertain whether the district court had analyzed the factors articulated in _United Mine Workers v. Gibbs_, 383 U.S. 715, 726 (1966) ("judicial economy, convenience and fairness to litigants"), before dismissing the pendent party claims against the defaulting employer's surety.  _Id._ at 1570, 1571-72.  The _Giardiello_ Court expressed concern over whether, during the course of the federal litigation, the pendent state law claims against the surety had become barred by the statute of limitations, a situation that would weigh against dismissal.  _Id._ at 1571.  _Giardiello_, however, was decided before the enactment of the supplemental jurisdiction statute, which provides that the limitation period is tolled while the pendent (now known as supplemental) state law claim is pending in the federal action and for at least thirty days after it is dismissed.  28 U.S.C. § 1367(d).

**Conclusion**

 For the foregoing reasons, plaintiffs' motion for reconsideration, docket no. 40, fails to demonstrate any manifest error in the Court's previous ruling, *see* Local Civil Rule 7(h)(1), and is therefore DENIED.  The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to the Office of the Washington State Attorney General at 1125 Washington St. SE, P.O. Box 40100, Olympia, WA  98504-0100.

 Dated this 29th day of May, 2014.

THOMAS S. ZILLY
United States District Judge