UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE PLAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONNIE SHANE SHERMAN, et al.,<br><br>Defendants. | C13-687 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion brought by defendant Wesco Insurance Company ("Wesco") for attorneys' fees and costs, docket no. 37, and a motion brought by plaintiffs for default judgment, docket no. 42.  Having reviewed both motions, to which no responses were filed, the Court enters the following order.

**Discussion**

**A.      Attorneys' Fees and Costs**

Wesco seeks an award of $4,786.76 in attorneys' fees and costs pursuant to RCW 4.84.250, which provides that, when the amount of damages pleaded is $10,000 or less, the "prevailing party" is entitled to "as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees."  In an opinion issued after Wesco filed its motion, the Washington Supreme Court clarified that, to trigger the small claim attorney fee provision, the following three-part test must be satisfied:  (i) the damages

ORDER - 1

sought must be equal to or less than $10,000; (ii) the entity seeking attorneys' fees must be the "prevailing party"; and (iii) a judgment must have been entered. _AllianceOne Receivables Mgmt., Inc. v. Lewis_, 325 P.3d 904 (Wash. 2014).  In the absence of a judgment, no entity can be deemed the "prevailing party." _Id._

In this case, although Wesco moved for summary judgment, the Court treated the motion as one for dismissal based on insufficient service of process.  Order at 6 (docket no. 36).  Plaintiffs' claims against Wesco were dismissed without prejudice, and no judgment was entered.  _See id._; _see also_ Order at 5 n.6 (docket no. 45) (indicating that the limitation period for plaintiffs' claims against Wesco had been tolled while the claims were pending and for thirty days after they were dismissed).  Wesco is not the "prevailing party" within the meaning of RCW 4.84.250, and it is not entitled to attorneys' fees, as part of costs, under such statute.  Wesco's motion is therefore DENIED.

B.     **Default Judgment**

Plaintiffs move for default judgment against defendants Donnie Shane Sherman and his wife ("Donnie Shane"), Don Duane Sherman and his wife ("Don Duane"), Scott William Sherman and his wife ("Scott William"), and SWS Flooring, LLC.  Donnie Shane and Scott William are brothers; Don Duane is their father.  Compl. at ¶ 19 (docket no. 1).  In two previous cases, plaintiffs obtained default judgments against the father, Don Duane, doing business as Sherman & Sons Flooring Co. ("Father's Co."), for delinquent contributions, liquidated damages, audit fees, prejudgment interest, attorneys' fees, and costs, relating to the period September 2006 through May 2009, in the aggregate amount of $272,077.49.  _See_ Exs. K & L to Read Decl. (docket no. 42-2).  In

ORDER - 2

this action, plaintiffs seek to hold Donnie Shane, Scott William, and SWS Flooring, LLC liable for the judgment rendered against Don Duane, doing business as Father's Co. Plaintiffs have not made a sufficient showing to obtain such relief.

Donnie Shane, doing business as Sherman Flooring, performed floor covering and countertop work from January 2003 through May 2009.  <u>See</u> http://dor.wa.gov/content/doingbusiness/registermybusiness/brd/Results.aspx?RequestType=3&UBI=602261981; https://secure.lni.wa.gov/verify/Detail.aspx?UBI=602261981&LIC=SHERMF*976BN&SAW=.  Donnie Shane and Sherman Flooring operated at 162 Charles Street in Monroe, Washington.  <u>Id.</u>

SWS Flooring, LLC was created in June 2009, and became inactive in October 2011.  <u>See</u> http://www.sos.wa.gov/corps/search_detail.aspx?ubi=602930140.  Scott William is the sole member of SWS Flooring, LLC.  <u>Id.</u>  SWS Flooring, LLC also performed floor covering and countertop work, and was located at 162 Charles Street in Monroe, Washington.  <u>See</u> http://dor.wa.gov/content/doingbusiness/registermybusiness/brd/Results.aspx?RequestType=3&UBI=602930140; https://secure.lni.wa.gov/verify/Detail.aspx?UBI=602930140&LIC=SWSFLFL910L9&SAW=.

In contrast, Don Duane, doing business as Father's Co., had a mailing address and business location of P.O. Box 43 in Gold Bar, Washington.[1]  <u>See</u> http://dor.wa.gov/content/doingbusiness/registermybusiness/brd/Results.aspx?RequestType=3&UBI=

---

[1] The Complaint indicates that Don Duane and Father's Co. had a principal place of business at 162 Charles Street in Monroe.  Compl. at ¶ 9 (docket no. 1).  This information is contradicted by the publicly available records of the Washington State Department of Labor and Industries and the Washington State Department of Revenue, of which the Court takes judicial notice.  <u>See</u> Fed. R. Evid. 201.

ORDER - 3

602642445. Don Duane, doing business as Father's Co., operated from September 2006 until January or March 2008, specializing in "carpet laying" and "resilient f/counter m/plastic." *Id.*; https://secure.lni.wa.gov/verify/Detail.aspx?UBI=602642445&LIC=SHERMSF944OR&SAW=.

In asserting that SWS Flooring, LLC is the alter ego of Don Duane, doing business as Father's Co., plaintiffs rely on the following allegation in their Complaint: "In 2008 or 2009, the Washington Department of Labor and Industries ("LNI") found SWS LLC to be the successor of SF [Sherman Flooring] for the purposes of enforcing liabilities relating to unpaid taxes or other assessments SF was obligated to remit to LNI." Compl. at ¶ 30 (docket no. 1). Even assuming the truth of this assertion, in light of defendants' defaults, *see DirecTV, Inc. v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) ("in defaulting, defendants are deemed to have admitted all well-pleaded factual allegations contained in the complaints"), the Court concludes that plaintiffs have failed to establish the requisite link. At most, the Complaint establishes that SWS Flooring, LLC is the alter ego of Donnie Shane and Sherman Flooring, which operated from the same location during the six-year period immediately preceding SWS Flooring, LLC's inception. Donnie Shane, doing business as Sherman Flooring, is not, however, the subject of the default judgments that plaintiffs are seeking to enforce against SWS Flooring, LLC.

Plaintiffs have not demonstrated the requisite relationship between Don Duane, doing business as Father's Co, and SWS Flooring, LLC. *See UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994) ("the 'alter ego' theory requires a threshold showing that [the entities] constitute a single employer," the criteria for which

ORDER - 4

are "(1) common ownership, (2) common management, (3) interrelation of operations, and (4) centralized control of labor relations").  Indeed, Don Duane, doing business as Father's Co., ceased operations at least 15 months before SWS Flooring, LLC was created, and conducted business from a different location, in another city.  Father's Co. and SWS Flooring, LLC were dissimilar in both ownership and structure, and plaintiffs offer no evidence that SWS Flooring, LLC even had any employees.  Thus, with regard to SWS Flooring, LLC, Scott William Sherman, and Jane Scott Sherman, plaintiffs' motion for default judgment is DENIED.  Moreover, as to Donnie Shane Sherman, doing business as Sherman Flooring, plaintiffs do not appear to contend that any alter ego relationship with Don Duane or Father's Co. exists, and plaintiffs provide no explanation for needing yet another default judgment against Don Duane Sherman and his wife.  Thus, plaintiffs' motion for default judgment is DENIED as to the amounts set forth in the previous default judgments.

With respect to Donnie Shane and Jane Donnie Sherman, doing business as Sherman Flooring, and Don Duane and Jane Don Sherman, doing business as Sherman & Sons Flooring Co., however, plaintiffs' motion for default judgment is GRANTED as to the requested audit.  Such defendants, pursuant to the labor agreements to which they are parties, <u>see</u> Exs. A-J to Read Decl. (docket no. 42-2), are hereby DIRECTED to submit their payroll and related records to plaintiffs and their auditor within twenty-eight (28) days of the date of this Order.  Within four (4) months of the date of this Order, plaintiffs shall submit a status report, indicating whether any additional contributions, liquidated damages, and/or prejudgment interest are owed by Donnie Shane (Sherman Flooring)

ORDER - 5

and/or Don Duane (Father's Co.) or whether this matter may be dismissed.  The Court defers ruling on whether plaintiffs are entitled to attorney's fees, audit fees, or costs.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)   Wesco's motion for attorney fees and costs, docket no. 37, is DENIED;

(2)   Plaintiffs' motion for default judgment, docket no. 42, is GRANTED in part and DENIED in part;

(3)   Defendants Donnie Shane and Jane Donnie Sherman, doing business as Sherman Flooring, and Don Duane and Jane Don Sherman, doing business as Sherman & Sons Flooring Co., are DIRECTED to submit their payroll and related records to plaintiffs and their auditor within twenty-eight (28) days of the date of this Order;

(4)   Within four (4) months of the date of this Order, plaintiffs shall submit a status report, indicating whether any additional contributions are owed by defendants Donnie Shane (Sherman Flooring) and/or Don Duane (Father's Co.) or whether this matter may be dismissed.

IT IS SO ORDERED.

Dated this 24th day of June, 2014.

Thomas S. Zilly
United States District Judge

ORDER - 6